**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MALACHI A. BANKS,

    Plaintiff,

    v.

NBCI MEDICAL DEPARTMENT,

    Defendant.

Civil Action No.:  ELH-23-1627

**MEMORANDUM**

Self-represented plaintiff Malachi A. Banks, who is currently incarcerated at North Branch Correctional Institution ("NBCI"), filed a civil Complaint pursuant to 42 U.S.C. § 1983 against NBCI's Medical Department.  ECF 1.  As relief, plaintiff seeks $50,000.00 in damages.

Plaintiff has moved to proceed in forma pauperis.[1]  Therefore, the court must screen his Complaint for sufficiency.  28 U.S.C. § 1915A(b).  In deciding whether a complaint is frivolous or fails to state a claim for which relief may be granted, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

For the reasons discussed below, plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and to name proper defendants.  But, plaintiff will be provided with an opportunity to file an Amended Complaint to correct the deficiencies.

---

[1]  Based on the information provided by plaintiff in the motion, he appears to be indigent. ECF 2.  However, he has not filed a certified prison account statement as required under 28 U.S.C. § 1915(a)(2).  Accordingly, I shall hold the motion *sub curia* at this time.

## I.     Plaintiff's Complaint

On August 25, 2022, plaintiff was transferred to NBCI from Patuxent Institution.  ECF  1 at 4.  Plaintiff reports that he experiences "sever chronic back pain," which predates his transfer to NBCI.  *Id.*  He complained daily of his severe back pain but was not seen by a provider at NBCI for over two months, causing his back pain to worsen.  *Id.*  He filed institutional grievances regarding his lack of medical care, which resulted in a response from the Warden indicating his claims were "meritorious" and that there was "a delay in care."  *Id.* at 5.

Plaintiff includes medical records as exhibits with his Complaint.  ECF  1-1.  The records confirm that he has a back injury, is considered "mobility impaired," and ambulates using a cane. *Id.* at 1.  The medical records include two sick call slips from August 29 and 30, 2022, and a copy of plaintiff's request for administrative remedy ("ARP") dated November 18, 2022.  *Id.* at 2-6. The ARP indicates plaintiff put in a total of five sick call slips, on August 29, 30, 31 and September 2, and 16, 2022, before ultimately being seen by the medical department on September 17, 2022. *Id.* at 6.  The ARP also indicates that he was experiencing pain while urinating and had observed blood in his urine.  *Id.*

Of import, the court notes that it is wholly unclear who plaintiff intends to name as a defendant in this matter.  In the caption of his Complaint, plaintiff lists "NBCI Medical Department et al.'"  ECF 1 at 1.  On the court's Complaint form, under the section where plaintiff is to list the defendants, plaintiff lists "Corizon Health, private healthcare contractor" ("Corizon").  *Id.* at 2-3.[2] This defendant is, however, crossed out, and plaintiff again writes "NBCI Medical Department, et al.'"  *Id.* at 3.  In the body of his Complaint, plaintiff states that the Inmate Grievance Office

---

[2] Corizon has filed bankruptcy proceedings in which an automatic stay has been issued.  *See In re: Tehum Care Services, Inc.*, Case No. 23-90086 (CML) (Bankr. S.D. Tex).

("IGO") informed him that his "complaint is against the private medical care contractor and not against D.O.C. department of corrections." *Id.* at 5. He adds, *id.*: "So I am filing a complaint against the private medical care contractor 'Corizon Health'" Given these discrepancies, the court cannot discern the individuals or individuals plaintiff intended to name as a defendant in this action.

## II.   Section 1983

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 575 U.S. 983 (2015). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.

In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation.

3

*See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  In other words, § 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

Additionally, naming institutions or using the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is insufficient to state a claim against a "person" in a § 1983 action. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)) (other citations omitted); *see also Horton v. Kopp*, PWG-16-3086, 2018 WL 1243537, at *2 (D. Md. 2018).  Thus, in amending his complaint, plaintiff must name defendants who personally participated in his medical care.

Further, in his original Complaint, plaintiff attempted to name NBCI Medical Department and Corizon.  But, additional information is needed to state a claim against them.  Plaintiff is advised that they are not proper parties unless there are allegations of a custom or policy of constitutional violations by these entities. *Austin v. Paramount Parks*, 195 F.3d 715, 727-28 (4th Cir. 1999).

### III.    Amendment

Because plaintiff proceeds *pro se*, he will be afforded an opportunity to amend the Complaint to add proper defendants and additional facts clarifying and supporting his allegations. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Fed. R. Civ. P. 10(a) requires a complaint to identify each defendant allegedly responsible for the wrongdoing.  In amending his Complaint, plaintiff should specify how each named defendant allegedly violated his rights.  In other words, he should state what each defendant did

4

or did not do regarding the medical treatment that he needed and how he was harmed by their actions.  If plaintiff intends to pursue claims against a healthcare provider, he should be mindful of the legal standards.[3]

The Amended Complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8(d)(1) requires the complaint to include allegations that are "simple, concise, and direct."  However, A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff is reminded that the Amended Complaint will replace the Complaint.  *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001); *see also Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000).  Accordingly, plaintiff must include allegations against each of the defendants he names so that the Amended Complaint stands alone as the complaint in this case.

Plaintiff is warned that failure to file an Amended Complaint consistent with this Order may result in the dismissal of the case, with prejudice.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  If plaintiff, while incarcerated, has three actions dismissed pursuant to 28 U.S.C. §§

---

[3] If plaintiff chooses to pursue claims against Corizon, the case will be stayed as to Corizon and no further proceedings will take place concerning that defendant unless or until the stay is lifted.  In amending his Complaint, plaintiff should consider whether any other individuals are appropriate defendants for his claims.

1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

A separate Order follows.


_____August 23, 2023_____                    _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge